**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BABI KITELONGA,<br><br>               Petitioner,<br><br>             v.<br><br>YOLANDA PITTMAN, et al.,<br><br>               Respondents. | Civil Action No. 25-12000<br><br>**ORDER** |

**CECCHI, District Judge**

This matter is before the Court upon Petitioner Babi Kitelonga's petition for a writ of habeas corpus under 28 U.S.C. § 2241, filed on June 20, 2025.  ECF No. 1 ("Petition"). Respondents filed an answer, which also sought to dismiss or transfer the Petition for lack of jurisdiction, ECF No. 11, and Petitioner replied.  ECF No. 12.  Petitioner also filed a notice of supplemental authority.  ECF No. 13.  As the Court lacks jurisdiction over the Petition, it will, in the interests of justice, transfer this matter to the Western District of Louisiana where Petitioner is currently confined.

## I.     BACKGROUND

Petitioner is a native and citizen of the Democratic Republic of the Congo who was admitted to the United States as a refugee in 2004.  ECF No. 11-1 ¶ 3.  In 2008, he was convicted of a series of offenses in the Commonwealth of Virginia:  two counts of robbery; two counts of abduction with intent to extort money or pecuniary benefit; one count of malicious wounding; five counts of use of a firearm in the commission of a felony; and one count of wearing a mask in public.  *Id.* ¶ 4.  He was sentenced to twenty years of imprisonment but was ultimately released from Virginia state custody on July 1, 2024.  *Id.* ¶¶ 4–5.

Following his release from state custody, U.S. Immigration and Customs Enforcement ("ICE") took custody of Petitioner and charged him with being removable under 8 U.S.C. § 1227(a)(2)(A)(iii), as he had been convicted of three qualifying aggravated felonies. *Id.* ¶ 5. ICE detained Petitioner in three different facilities in Virginia from July 1, 2024, through June 20, 2025: the Western Virginia Regional Jail, the Caroline Detention Facility, and the Farmville Detention Center. *Id.* ¶¶ 6–13

Then, on June 20, 2025, ICE moved Petitioner out of Virginia. *Id.* ¶ 13. ICE first transferred Petitioner to New Jersey, where he was booked into and out of the Elizabeth Contract Detention Center in the early morning. *Id.* ¶ 13. ICE then placed Petitioner on a flight that departed Newark, New Jersey at 10:15 a.m.[1] and that landed in Houston, Texas at approximately 1:30 p.m. *Id*. Petitioner remained in Houston until 2:15 p.m. *Id.* At 2:15 p.m., Petitioner was on another flight bound for Alexandria, Louisiana. *Id.* At 3:06 p.m., Petitioner's counsel filed the Petition in this matter. *See* ECF No. 11 at 6; ECF No. 12 at 6–7. Approximately nine minutes later, at 3:15 p.m., Petitioner's flight landed in Louisiana. ECF No. 11-1 ¶ 13. Petitioner was then booked into the Pine Prairie ICE Processing Center in Pine Prairie, Louisiana, where he is currently detained.[2] *Id.* ¶ 14.

## II.    DISCUSSION

Jurisdiction over a habeas petition typically lies in only one district:  the district where the petitioner is confined and where the court has territorial jurisdiction over petitioner's immediate custodian. *Khalil v. President, United States*, 164 F.4th 259, 268 (3d Cir. 2026); *see also Anariba*

---

[1] All times are provided in Eastern Daylight Time.

[2] After a telephone conference with the parties, this Court entered an order that prevented Petitioner's transfer out of Louisiana pending the resolution of the Petition. ECF No. 3.

*v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 444 (3d Cir. 2021) (requiring petitioner to "name his warden as respondent and file the petition in the district of confinement" (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004))).  Here, Petitioner was not physically confined in the District of New Jersey when he filed his Petition at 3:06 p.m. on June 20, 2025.  *See* ECF No 11-1 ¶ 13.  Rather, he was minutes from landing in Alexandria, Louisiana.  *See id*.  Respondent Yolanda Pittman, named as warden of the Elizabeth Contract Detention Center, was therefore not Petitioner's immediate custodian at the time of filing, as he was no longer confined at that facility in this district.[3]  As a result, this Court lacks jurisdiction over the Petition.  *See Flores v. Blanche*,

---

[3] In the Petition, Petitioner also named John Tsoukaris, Field Office Director of ICE Enforcement and Removal Operations for Newark, New Jersey, and other high-level immigration officials as respondents and argues that the "unknown custodian rule" permits the Court to exercise jurisdiction.  *See* ECF No. 12 at 4–8.  The Court notes that the Third Circuit has not explicitly adopted this exception to the traditional habeas jurisdiction requirements.  *See Khalil*, 164 F.4th at 271–72.  In any event, this exception is not appropriately applied here, as Respondents have shown that Petitioner was minutes from landing in the Western District of Louisiana when the Petition was filed and there is no indication that the government moved Petitioner in bad faith to thwart habeas jurisdiction.  *See Villalta v. Woosley*, No. 26-169, 2026 WL 973279, at *1–4 (W.D. Ky. Apr. 10, 2026) (declining to apply the unknown custodian rule where the petitioner was on a flight at the time the petition was filed, as there was no evidence that the petitioner was moved to make it difficult for her lawyer to file her petition); *Mbabid v. Baker*, No. 25-3505, 2025 WL 3211024, at *2–3 (D. Md. Nov. 18, 2025) (same); *Dvortsin v. Noem*, No. 25-1741, 2025 WL 1751968, at *3, *5 (D. Colo. June 12, 2025) (declining to apply the unknown custodian rule where the petitioner had already departed Colorado and was shown to be in Texas in transit to an ICE facility at the time of filing); *Y.G.H. v. Trump*, 787 F. Supp. 3d 1097, 1102, 1105–09 (E.D. Cal. 2025) (declining to exercise jurisdiction in California under the unknown custodian rule where the petitioner was already in Texas when the petition was filed, even though counsel did not know that the petitioner had been moved and ICE's detainee locator was not updated to show petitioner's new location).  And although the ICE detainee locator showed Petitioner to be in New Jersey approximately an hour after the Petition was filed, ECF No. 12, Ex. A, the website indicates that, for security reasons, it does not provide real-time disclosures of a detainee's whereabouts while they are in transit.  *Mbabid*, 2025 WL 3211024, at *3.  It also indicates that the information provided on the locator "may be up to eight hours old."  *See About the Detainee Locator*, U.S. Immigration and Customs Enforcement, https://locator.ice.gov/odls/#/about?includeCBP=true&moreInfoNoResults=https:%2F%2Fwww.cbp.gov%2Fborder-security%2Falong-us-borders%2Fmissing-migrant-program (last visited June 25, 2026).  Thus, that the detainee locator was not updated in the hour following the filing of the

No. 26-5256, 2026 WL 1457396, at \*1–2 (D.N.J. May 22, 2026); *Benavides Narvaez v. Blanche*, No. 26-5914, 2026 WL 1684393, at \*1 (D.N.J. June 10, 2026); *Villalta v. Woosley*, No. 26-169, 2026 WL 973279, at \*1–4 (W.D. Ky. Apr. 10, 2026) (finding that the court in Kentucky lacked jurisdiction where the petitioner was first transferred from Kentucky to Indiana and then was aboard a flight from Indiana to Louisiana when the petition was filed); *Mbabid v. Baker*, No. 25-3505, 2025 WL 3211024, at \*2 (D. Md. Nov. 18, 2025) (finding that the Maryland court lacked jurisdiction where the petitioner had been "transported outside the district several hours prior to the filing of the petition" and then was on a flight between New Jersey and Louisiana when the petition was filed).

A court that lacks jurisdiction over a civil action "shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed." *Suarez-Hidalgo v. U.S. Immigr. & Customs Enf't*, No. 25-6261, 2025 WL 1920925, at \*1 (D.N.J. July 11, 2025) (quoting 28 U.S.C. § 1631). As Petitioner is confined in the Western District of Louisiana and challenges his ongoing detention as unlawful, it is in the interest of justice to transfer this matter to that district. *Id.*; *see also Benavides Narvaez*, 2026 WL 1684393, at \*1.

## III.   CONCLUSION

**IT IS** therefore on this 25th day of June, 2026,

**ORDERED** that the Clerk's Office shall **TRANSFER** this matter to the United States District Court for the Western District of Louisiana pursuant to 28 U.S.C. § 1631 to cure want of jurisdiction; and it is further

---

Petition does not suggest bad faith on the government's part. *See Mbabid*, 2025 WL 3211024, at \*3.

**ORDERED** that the Clerk's Office shall **CLOSE** this matter.

**SO ORDERED.**

*s/ Claire C. Cecchi*

**HON. CLAIRE C. CECCHI**
United States District Judge